# United States District Court

NORTHERN DISTRICT OF TEXAS

Wichita Falls Division

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | Case Number: 7:14-CR-004-O (01) |
|  | U.S. Marshal's No.: 25005-408 |
|  | J. Nicholas Bunch, Assistant U.S. Attorney |
| PAUL EUGENE PREWITT | Thomas W. Mills, Jr., Attorney for the Defendant |

On, May 27, 2014, the defendant, PAUL EUGENE PREWITT, entered a plea of guilty to Count One of the One Count Superseding Information filed on May 20, 2014.  Accordingly, the defendant is adjudged guilty of such Count, which involves the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 371 (18 U.S.C. § 1343) | Conspiracy to Commit Wire Fraud | 2012 | 1 |

The defendant is sentenced as provided in pages two through four of this judgment.  The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $100.00 for Count One of the One Count Superseding Information filed on May 20, 2014.

Upon Motion of the Government, all remaining Counts are dismissed, as to this defendant only.

The defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed on October 20, 2014.

_____
REED O'CONNOR
U.S. DISTRICT JUDGE


Signed October 29, 2014.

Judgment in a Criminal Case
Defendant:   PAUL EUGENE PREWITT
Case Number:   7:14-CR-004-O (01)

Judgment -- Page 2  of  4

# IMPRISONMENT

The defendant, PAUL EUGENE PREWITT, is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of **SIXTY (60) months**, on Count One of the One Count Superseding Information filed on May 20, 2014.

The defendant is remanded to the custody of the United States Marshal.

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **THREE (3) years** on Count One of the One Count Superseding Information filed on May 20, 2014.

While on supervised release, in compliance with the standard conditions of supervision adopted by the United States Sentencing Commission, the defendant shall:

( 1) not leave the judicial district without the permission of the Court or probation officer;
( 2) report to the probation officer as directed by the Court or probation officer and submit a truthful and complete written report within the first five (5) days of each month;
( 3) answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
( 4) support the defendant's dependents and meet other family responsibilities;
( 5) work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
( 6) notify the probation officer within seventy-two (72) hours of any change in residence or employment;
( 7) refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
( 8) not frequent places where controlled substances are illegally sold, used, distributed, or administered;
( 9) not associate with any persons engaged in criminal activity and not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10) permit a probation officer to visit the defendant at any time at home or elsewhere and permit confiscation of any contraband observed in plain view by the probation officer;
(11) notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
(12) not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
(13) notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement, as directed by the probation officer.

In addition the defendant shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon;

cooperate in the collection of DNA as directed by the U.S. probation officer;

Judgment in a Criminal Case
Defendant:   PAUL EUGENE PREWITT                                                                                  Judgment -- Page 3  of  4
Case Number:   7:14-CR-004-O (01)

    report in person to the probation office in the district to which the defendant is released within seventy-two (72) hours of release from the custody of the Bureau of Prisons;

    refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer;

    pay any remaining balance of restitution in the amount of $242,250, as set out in this Judgment;

    not incur new credit charges or open additional lines of credit without approval of the probation officer unless the probation officer makes a determination that the defendant has fully satisfied the restitution obligation;

    provide to the probation officer complete access to all business and personal financial information;

    maintain not more than one business and/or one personal checking account, and shall not open, maintain, be a signatory on, or otherwise use any other financial institution account without the prior approval of the probation officer;

    not transfer, sell, give away, or otherwise convey any asset with a value of $500 or more without the approval of the probation officer;

    notify the probation officer within 72 hours of acquiring or changing any type of communication device, including pagers, cellular telephones, personal telephones, business telephones, electronic mail addresses, or web addresses;

    not enter into any self-employment while under supervision without prior approval of the probation officer;

    cooperate with the IRS, file all outstanding tax returns, and comply with any IRS requirements to pay delinquent taxes, penalties, and interest according to the schedule of payments that the IRS imposes;

    make all court-ordered child support payments on a timely basis, producing proof of payment to the probation officer within the first 5 days of each month, whether as a part of a written report required by the probation officer or otherwise; and,

    not be employed by, affiliated with, own or control, or otherwise participate, directly or indirectly, in the business of investments, loans or banking.

## FINE/RESTITUTION

    The Court does not order a fine because the defendant does not have the financial resources or future earning capacity to pay a fine.

    Pursuant to the Mandatory Victim Restitution Act of 1996, the defendant is ordered to pay restitution in the amount of $242,250, payable to the U.S. District Clerk, P.O. Box 1234, Wichita Falls, Texas 76307.  Restitution shall be payable immediately and any remaining balance shall be payable during incarceration.  Restitution shall be disbursed to:

Kay Deardorff<br>$242,250

If upon commencement of the term of supervised release any part of the restitution remains unpaid, the defendant shall make payments on such unpaid balance in monthly installments of not less than 10 percent of the defendant's gross monthly income, or at a rate of not less than $200 per month, whichever is greater.  Payment shall begin no later than 60 days after the defendant's release from confinement and shall continue each month thereafter until the balance is paid in full.  In addition, at least 50 percent of the receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money shall be paid toward the unpaid balance within 15 days of receipt.  This payment plan shall not affect the ability of the United

Judgment in a Criminal Case  
Defendant:   PAUL EUGENE PREWITT  
Case Number:   7:14-CR-004-O (01)   Judgment -- Page 4  of  4

States to immediately collect payment in full through garnishment, the Treasury Offset Program, the Inmate Financial Responsibility Program, the Federal Debt Collection Procedures Act of 1990 or any other means available under federal or state law. Furthermore, it is ordered that interest on the unpaid balance is waived pursuant to 18 USC § 3612(f)(3).

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to_____

at_____, with a certified copy of this judgment.

_____  
United States Marshal

BY  _____  
    Deputy Marshal